■ ADOLPH JAKUBEC, Appellant, v. FRANCES JAKUBEC, Respondent.— Appeal by the plaintiff from an order of the Supervising Justice of the Conciliation Bureau for the Fourth Judicial District, rendered at a Special Term of the Supreme Court and entered in Fulton County on February 1, 1973. Subsequent to the issuance of a certificate of no necessity issued by the Conciliation Commissioner on October 26, 1972 the defendant applied to the said commissioner for an order granting her temporary alimony and counsel fees pending the final determination of the action. Section 215-e of the Domestic Relations Law [L. 1966, ch. 254] (all statutory references hereinafter are to the Domestic Relations Law unless otherwise specified) provides in part: "Any party involved in a conciliation proceeding may, at any stage thereof, apply for an order directing the payment of temporary alimony, child support and counsel fees." Section 215-e further provides that the application shall be made to the Conciliation Commissioner who shall make a determination and report the same to a Justice of the Supreme Court. As provided in section 215-e, the Supervising Justice of the Conciliation Bureau of the Fourth Judicial District reviewed the recommendations of the Conciliation Commissioner and issued the order appealed from based upon the recommendation and report of the commissioner. Among other things, the plaintiff contends that the order appealed from must be vacated as the proceeding was improperly initiated because the Conciliation Commissioner lost all jurisdiction over the parties upon the issuance of the Certificate of No Necessity. In regard to conciliation proceedings

section 215-c (subd. b, par. [2]; subd. b, par. [4], cl. [b]; [L. 1966, ch. 254, as amd.]) specifically provides that conciliation proceedings are at an end when a Certificate of No Necessity or no *further* necessity for conciliation conferences is issued. In regard to conciliation hearings, subdivision a of section 215-d (L. 1966, ch. 254) again provides that conciliation proceedings are at an end if the commissioner shall not hold a hearing. As noted hereinabove, the Conciliation Commissioner has jurisdiction to consider application for temporary alimony and counsel fees and upon his recommendation of the grant of such relief the appropriate Justice of the Supreme Court may order sums to be paid. The Supreme Court also has independent jurisdiction to grant the same relief upon applications made directly to it at any time after the matrimonial action has been initiated. (See Domestic Relations Law, § 211; *Lebovics* v. *Lebovics,* 34 A D 2d 783.) A review of article 11-B of the Domestic Relations Law and in particular the sections specified above, establishes that it was the intention of the Legislature that the jurisdiction of the Conciliation Commissioners and the Conciliation Bureau would end upon the issuance of a Certificate of No Necessity for further hearings. The procedures for the grant of relief pursuant to section 215-e were intended to be available during the course of the conciliation proceedings and when such proceedings were ended as in this case by the Certificate of No Necessity, the power of the Commissioner to entertain an application for temporary alimony and counsel fees terminated. The record does not disclose that the Justice at Special Term had acquired independent jurisdiction of the proceeding as an application pursuant to section 211 and the order appealed from specifically states that it is based upon the recommendation of the Conciliation Commissioner. The report and recommendation of the Commissioner being without jurisdiction, the order must be vacated. Order vacated, without costs and without prejudice to a motion pursuant to section 211 of the Domestic Relations Law if defendant be so advised. Herlihy, P. J., Staley, Jr., Greenblott, Kane and Reynolds, JJ., concur.